■     In the Matter of ROBERT K. RUSKIN, as Commissioner of Investigation of the City of New York, Appellant, v. WILLIAM DETKEN et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered November 12, 1970, dismissing the petition for commitment of respondents pursuant to CPLR 2308 and granting the respondents' cross motion, quashing the subpoenas, unanimously reversed, on the law and the facts, without costs and without disbursements, the petition granted and respondents' cross motion denied. Petitioner, the Commissioner of Investigation of the City of New York, came into possession of memo book pages, which petitioner concluded indicated evidence of a schedule of payments commonly known as a " pad ". The three respondents, patrolmen of the New York City Police Department in the 18th Precinct of Manhattan, were questioned concerning these pages and conceded their handwriting on these sheets, but had no memory of the meaning of the cryptic notations thereon and could not recall making the entries, their purpose, and the attendant circumstances, except for the respondent Wilcox who had a partial possible explanation, without memory, as to a portion thereof. The Commissioner, contending that the answers were in the nature of either no answers or refusals to answer, amounting to " deliberate non-compliance with a subpoena ", moved for the commitments of respondents under CPLR 2308, subd. [b]). The Court at Special Term dismissed the petition and quashed the subpoenas on the ground that the privilege against self incrimination was being violated because no " transactional " immunity was being granted for the testimony. The Commissioner contends that "use " immunity is involved by virtue of the threat of job forfeiture (*Garrity* v. *New Jersey*, 385 U. S. 493), even though the Commissioner does not have the power to grant immunity (*Uniformed Sanitation Men Assn.* v. *Commissioner of Sanitation*, 426 F. 2d 619). We find that the constitutional question is not reached, because the respondents answered the questions but the answers were palpably evasive and transparent sham, such as to amount to a refusal to answer without claiming any privilege. (*People ex rel. Valenti* v. *McCloskey*, 6 N Y 2d 390, 403, app. dsmd. 361 U. S. 534.) Concur — Stevens, P. J., Capozzoli, Nunez and Kupferman, JJ.